IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELO RIVERA, | : | CIVIL NO. 1:15-CV-1011 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT JAMEY LUTHER, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

On March 27, 2008, petitioner Marcelo Rivera ("Rivera"), pled guilty to various drug offenses in the Court of Common Pleas of Lebanon County, Pennsylvania. (Doc. 1). On May 21, 2008, he was sentenced to an aggregate term of twelve to twenty-six years' imprisonment. (Id.) On May 26, 2015, Rivera filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying sentence. (Id.) For the reasons set forth below, the petition will be denied as untimely.

I.   **Background**

In August 2007, a criminal information was filed in the Court of Common Pleas of Lebanon County charging Rivera with manufacture, delivery, and possession with intent to manufacture or deliver, a controlled substance, criminal conspiracy, and criminal use of a communication facility. (Docs. 1, 8; see https://ujsportal.pacourts.us, electronic docket numbers CP-38-CR-0001443-2007, CP-38-CR-0001446-2007, CP-38-CR-0001447-2007, CP-38-CR-0001520-2007). On

March 27, 2008, Rivera entered a guilty plea to various drug offenses.  (Id.)  On May 21, 2008, the court sentenced Rivera to an aggregate term of imprisonment of twelve to twenty-six years.  (Id.)  No direct appeal was filed.  (Id.)

On November 17, 2008, Rivera filed a timely *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.  (Id.)  On November 15, 2010, Rivera filed a counseled amended PCRA petition.  (Id.)  The PCRA court denied the petition on February 25, 2011.  (Id.)  Rivera filed a timely notice of appeal to the Pennsylvania Superior Court.  See https://ujsportal.pacourts.us, electronic docket number 448 MDA 2011.  On October 12, 2011, the Pennsylvania Superior Court affirmed the PCRA court's decision denying the petition.  (Id.)  Rivera did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Rivera filed a second PCRA petition on January 13, 2012.  See https://ujsportal.pacourts.us, electronic docket numbers CP-38-CR-0001443-2007, CP-38-CR-0001446-2007, CP-38-CR-0001447-2007, CP-38-CR-0001520-2007.  On April 17, 2013, the PCRA court provided Rivera with notice of its intent to dismiss the petition. (Doc. 8-8).  The PCRA court noted several grounds for denial, but emphasized that the court is "able to deny the Defendant's Second PCRA Petition solely based upon its untimely… nature." (Doc. 8-8, p. 9).  On May 2, 2013, the PCRA court denied the petition. (Doc. 8-8, p. 1).  Rivera filed a timely notice of appeal to the Pennsylvania Superior Court.  See https://ujsportal.pacourts.us, electronic docket number 844 MDA 2013.  On February 20, 2014, the Pennsylvania Superior Court affirmed the PCRA court's decision.  See Commonwealth v. Rivera,

97 A.3d 808 (Pa. Super. Feb. 20, 2014) (Table, No. 844 MDA 2013). The Pennsylvania Superior Court found that Rivera's PCRA petition was untimely filed and that Rivera failed to argue that any of the time-bar exceptions applied. (Doc. 8-9). Rivera filed a petition for allowance of appeal to the Pennsylvania Supreme Court. See https://ujsportal.pacourts.us, electronic docket number 317 MAL 2014. On September 23, 2014, the Pennsylvania Supreme Court denied the petition for allowance of appeal. See Commonwealth v. Rivera, 99 A.3d 925 (Pa. Sept. 23, 2014) (Table, No. 317 MAL 2014).

The instant petition was filed on May 26, 2015. (Doc. 1). Upon preliminary review, see R. Governing § 2254 Cases R. 4, respondents were directed to file a response addressing the timeliness of the petition. (Doc. 5, citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond)). Rivera was afforded the opportunity to file a reply. (Doc. 5). On June 15, 2015, respondents filed a response and a memorandum of law seeking dismissal of the petition as untimely pursuant to 28 U.S.C. § 2244. (Doc. 8). No traverse has been filed.

**II. Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Rivera was sentenced on May 21, 2008. See https://ujsportal.pacourts.us, electronic docket numbers CP-38-CR-0001443-2007, CP-38-CR-0001446-2007, CP-38-CR-0001447-2007, CP-38-CR-0001520-2007. The plain terms of 28 U.S.C. § 2244(d)(1)(A) provide that a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara, 264 F.3d at 314. No direct appeal was filed. Rivera's time for pursuing a direct appeal expired on June 20, 2008, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on May 26, 2015, is clearly untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on June 20, 2008 and, absent any tolling, would expire on or about June 22, 2009. On November 17, 2008, after approximately 150 days of the one-year statute had elapsed, Rivera successfully tolled the statute of limitations when he filed his timely first PCRA petition. The statute remained tolled until November 11, 2011, when the time period expired for Rivera to seek review of the denial of his PCRA petition with the Pennsylvania Supreme Court. The statute then began running again. The 215 days remaining in which to file his federal petition expired on June 14, 2012. His federal petition was filed on May 26, 2015, well after the expiration of the limitations period.

Rivera filed his second PCRA petition on January 13, 2012. The PCRA court denied the petition based, *inter alia*, on its untimeliness. The Pennsylvania Superior Court affirmed the PCRA court's decision and specifically noted that the petition was untimely filed. (Doc. 8-9). The Pennsylvania Superior Court explained that Rivera "had one year, or until [approximately] June 20, 2009, to timely file a PCRA petition. As [Rivera] did not file the instant [PCRA] petition until [January] 13, 2012, it was untimely filed." (Doc. 8-9, p. 9). The Pennsylvania Supreme Court denied a petition for allowance of appeal. See https://ujsportal.pacourts.us, electronic docket number 317 MAL 2014. An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v.

Diuglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, Rivera's second PCRA petition was not properly filed and did not toll the AEDPA statute of limitations.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim.  See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Rivera presents absolutely no evidence to account for the delay in seeking relief in federal court.  Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief.  Notably, in the habeas petition section regarding timeliness, Rivera simply notes "N/A", with no further elaboration.  (Doc. 1, p. 14).  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

7

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, a COA will not issue.

### IV.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.  An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      July 13, 2015